**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5015**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

MITCHELL RAY MILLER,

                                        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Matthew J. Perry, Jr., Senior
District Judge.  (3:06-cr-00191-MJP)

Submitted:  May 30, 2007              Decided:  July 11, 2007

Before WILLIAMS, Chief Judge, NIEMEYER, Circuit Judge, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Langdon D. Long, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.  Robert Claude Jendron, Jr., Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mitchell Ray Miller appeals his conviction for possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000). On appeal, counsel filed an <u>Anders</u>* brief, in which he states there are no meritorious issues for appeal, but questions whether the district court erred in denying the motion to suppress the firearm discovered during the search of Miller's car. Miller has filed a pro se supplemental brief in which he asserts that the district court erred in not finding his wife's consent to search involuntary, erred in not suppressing the evidence because he was a suspect and therefore his consent was required, erred in failing to suppress his post-arrest statements, erred in failing to inform him of his right to address the jury, and erred in instructing the jury on constructive possession. Miller also asserts that his arrest was unlawful, the evidence was insufficient to link him to the firearm, and that counsel was ineffective. We affirm.

The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. <u>See</u> <u>Ornelas v. United States</u>, 517 U.S. 690, 691 (1996); <u>United States v. Rusher</u>, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the

---

*<u>Anders v. California</u>, 386 U.S. 738 (1967).

evidence in the light most favorable to the government.  See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).  Whether consent to a search is voluntary is a factual question determined under the totality of the circumstances and reviewed under the clearly erroneous standard.  Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973); United States v. Jones, 356 F.3d 529, 533 n.* (4th Cir. 2004).  The government has the burden of proving that consent was freely and voluntarily given.  Schneckloth, 412 U.S. at 222.  "Written consent supports a finding that consent was voluntary."  United States v. Boone, 245 F.3d 352, 362 (4th Cir. 2001).  This court gives due regard to the district court's opportunity to judge the credibility of witnesses and does not review credibility determinations.  See United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995).  Our review of the record leads us to conclude that the district court correctly denied the motion to suppress.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We have considered the arguments raised in Miller's pro se supplemental brief, and find them to be without merit.  We therefore affirm Miller's conviction and sentence.  This court requires that counsel inform Miller, in writing, of the right to petition the Supreme Court of the United States for further review.  If Miller requests that a petition be filed, but counsel believes that such a petition

would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Miller.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED